IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES TERRY COOK                                               PLAINTIFF

v.                            Civil No. 2:17-02093

KENNY SMITH; GREG DONALDSON;
RYAN JONES; HAYDEN HORTON                         DEFENDANTS

## **ORDER**

The instant matter is a civil rights action filed by the Plaintiff, James Terry Cook, pursuant to 42 U.S.C. § 1983. Before the Court is Defendants' Motion to Dismiss. (ECF No. 10).

## **I. BACKGROUND**

Plaintiff filed his Complaint on June 5, 2017, proceeding *pro se* and *in forma pauperis*. (ECF No. 2, 6). Plaintiff's complaint, together with the supplements to his complaint, include claims that he was denied necessary medical care and claims that he was retaliated against for asserting such claims. (ECF No. 2, 14, 17).

The Defendants now move for dismissal of Plaintiff's complaint. (ECF No. 10). The Defendants argue that the complaint should be dismissed because the Plaintiff has sued the Defendants in their official capacity only and has failed to allege any official policy, practice, or custom of the County that was deliberately indifferent to his constitutional rights. The Plaintiff has not responded to the Defendants' motion.

## **II. LEGAL STANDARD**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a

complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Here, the Plaintiff has sued the Defendants, employees of the Johnson County Detention Center, in their official capacity only. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). A Plaintiff "seeking to impose liability on a municipality under § 1983 [must] identify [an unconstitutional] policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009).

The Plaintiff has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate" and has not pointed to a "'deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters.'" *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009)(quoting *Mettler v.*

2

*Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999)).

Further, "a custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). The Plaintiff has simply not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct.

### IV.  CONCLUSION

For the reasons set forth above, the Court finds that the Defendants' Motion to Dismiss (ECF No. 10) should be, and hereby is **GRANTED** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

IT IS SO ORDERED THIS 20th day of September, 2017.

*/s/P. K. Holmes, III*
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE